IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Case Number: 3:18-cr-00410-M |
| | § | |
| ROBERT CARL LEONARD, JR. (1), | § | |
| | § | |
| Defendant. | § | |

# ORDER

Before the Court is Defendant Robert Carl Leonard, Jr.'s Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 41-2). Defendant is an inmate held by the Federal Bureau of Prisons (the "BOP") at the Federal Correctional Institute in Oakdale, Louisiana ("FCI Oakdale"). He is serving an 84-month sentence after pleading guilty to one count of conspiracy to commit honest services wire fraud. He asks the Court to modify his sentence so that he can be released to home confinement, claiming he has an elevated risk from the COVID-19 pandemic. For the following reasons, the Motion is **DENIED**.

**I.     Legal Standard**

A district court does not have inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). However, under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1.

## II.     Exhaustion of Remedies

Section 3582(c)(1)(A) requires exhaustion of administrative remedies before a defendant can file a motion for relief. *See* 18 U.S.C. § 3582(c)(1)(A) (permitting the filing of a motion "*after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden . . . whichever is earlier" (emphasis added)).  This is "a glaring roadblock foreclosing compassionate release" when the "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).  However, some courts have "concluded that [the § 3582(c)(1)(A) exhaustion] requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J., concurring) (collecting cases); *see also United States v. Lee*, No. 3:07-cr-00289-M-2, ECF No. 1950 at 8–9 (N.D. Tex. Apr. 23, 2020) (Lynn, C.J.) (granting a motion for compassionate release but deferring implementation of the order until administrative remedies were exhausted).

Defendant has not exhausted his administrative remedies for seeking a reduction in sentence under 18 U.S.C. § 3582. Defendant represents that he "has requested multiple times that the warden at FCI Oakdale consider him for home confinement." ECF No. 41-2 at 13. He attaches the Warden's responses to those requests as exhibits.[1] *See* ECF No. 41-2 at Exs. 6–8. A request for home confinement is different than a request for a reduction in sentence, however.

---

[1] The Warden initially granted Defendant's request, then revoked that acceptance after receiving guidance from the Attorney General instructing the BOP to prioritize inmates who have served at least 50% of their sentences.

*See United States v. Allen*, No. 2:14-cr-024, 2020 WL 2199626, at *1 (S.D. Ga. May 6, 2020 ("It is important to understand that a request for home confinement under the CARES Act is different than a reduction-in-sentence (RIS) request based upon compassionate release."). Release to home confinement involves 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541, while a reduction in sentence involves 18 U.S.C. § 3582(c). *See id.* Because Defendant does not claim, much less offer proof, that he has ever requested that the Warden reduce his sentence under § 3582, he has not exhausted his administrative remedies. He also fails to provide specific factual information unique to his circumstances or chronic conditions that justify relaxing the exhaustion requirement in this case. Therefore, the BOP should have the first opportunity to address Defendant's request for a reduction in sentence, and his Motion is **DENIED**.

### III.     Extraordinary and Compelling Reasons Justifying Compassionate Release

Even if Defendant properly exhausted his administrative remedies, he has not established "extraordinary and compelling reasons" to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). A court's decision to modify a defendant's sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Muniz*, No. 4:09-cr-00199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) ("[A] court may modify a defendant's sentence after considering the factors set forth in § 3553(a) to the extent applicable if it finds that extraordinary and compelling reasons warrant such a reduction and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (internal quotation marks and citations omitted)). The policy statement applicable to compassionate release—U.S.S.G. § 1B1.13—has not been amended since the First Step Act expanded who may move for compassionate release under

§ 3582(c)(1)(A).[2]  In *Lee*, the Court recently concluded that it should consider § 1B1.13 and apply its discretion when considering a § 3582(c)(1)(A) motion in light of the COVID-19 pandemic.  No. 3:07-cr-00289-M, ECF No. 1950 at 7 (citing *United States v. Gonzales*, No. SA-05-cr-00561-XR, 2019 WL 5102742, at *2 (W.D. Tex. Oct. 10, 2019)).  The Court further stated:

> Section 1B.1.13 "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'"  *Muniz*, 2020 WL 1540325, at *1 (citing U.S.S.G. § 1B1.13(1)(A) & cmt. n.1).  "Among these are the 'medical condition of the defendant,' including where the defendant is 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'"  *Id.* (quoting U.S.S.G. § 1B1.13 cmt. n.1).  "The policy statement also requires that the defendant not pose a danger to the safety of the community."  *Id.*  (citing U.S.S.G. § 1B1.13(2)).

*Lee*, No. 3:07-cr-00289-M, ECF No. 1950 at 7–8.

Defendant's Motion fails to identify "extraordinary or compelling reasons" for a sentence reduction consistent with the Sentencing Guidelines policy statement.  Defendant claims that he is at heightened risk because he is 72 years old and suffers from several preexisting health conditions, including severe coronary artery disease, hypertension, abnormal cholesterol, thyroid problems, previous spinal surgeries, vitamin D deficiency, low testosterone, anxiety, blood in his urine, and bronchitis due to tobacco use.  The medical records attached to his Motion support some, but not all, of these diagnoses.[3]  According to the CDC, the risk of severe illness from

---

[2] It is unlikely that the Sentencing Commission's policies will be updated any time soon as there are currently an insufficient number of voting commissioners.  *See, e.g.*, *United States v. Cantu*, 423 F. Supp. 3d 345, 347–48 n.1 (S.D. Tex. 2019); *United States v. Maumau*, No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *1 n.3 (D. Utah Feb. 18, 2020).

[3] None of the records shows a diagnosis of bronchitis, though the records mention the tobacco use that Defendant claims caused the bronchitis.  The Court also notes that all the attached medical records are over a year old, from prior to Defendant's incarceration.  More recent medical records might have been more helpful to the Court's analysis.

COVID-19 increases with age, and some (though not all) of Defendant's health conditions also put him at an increased risk of severe illness.[4]

Even so, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements that categories of prisoners—for example, all those who have [chronic medical conditions identified by the CDC]—warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic." *United States v. Franklin*, No. 3:00-cr-468-L, 2020 WL 3872802, at *2 (N.D. Tex. July 8, 2020) (alteration in original) (quoting *United States v. Delgado*, No. 3:17-cr-242-B, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020)). "The court does not downplay Defendant's chronic medical conditions . . . or discount that being confined in a prison makes it more difficult for him or any prisoner to follow official precautions for social distancing and handwashing while in custody." *Franklin*, 2020 WL 3872802, at *2.

However, there is no indication that the BOP is incapable of managing Defendant's health conditions, or that Defendant's health conditions "substantially diminish[] the ability of the defendant to provide self-care." U.S.S.G. § 1B1.13 cmt. n.1; *see also Franklin*, 2020 WL 3872802, at *2 (denying motion for compassionate release because defendant "fail[ed] to establish that his conditions (1) are sufficiently severe, (2) have an end of life trajectory, and (3) diminish his ability to provide self-care"). Moreover, as Defendant acknowledges and his medical records confirm, he tested positive for COVID-19, was asymptomatic, and fully recovered, suggesting that the BOP is capable of handling Defendant's health conditions. *See United States v. Vargas-Malave*, No. 3:18-cr-0235-S, 2020 WL 3405529, at *2 (N.D. Tex. June

---

[4] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (noting that people with coronary artery disease are at an increased risk of severe illness, and that people with hypertension might be at an increased risk of severe illness).

18, 2020) (noting that the defendant tested positive for coronavirus and recovered, indicating that the BOP could manage the defendant's health conditions). Defendant's general concerns about COVID-19 without more are insufficient. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

Additionally, the facility in which Defendant is confined currently appears to have coronavirus under control. While Defendant points to Oakdale's earlier difficulties limiting the virus's spread, Oakdale I FCI currently reports only 3 inmates testing positive, while over 200 inmates have recovered.[5] Defendant speculates that the virus may be spreading in Oakdale again, undetected, *see* ECF No. 41-2 at 14 ("[T]here is no guarantee that FCI Oakdale is preventing the spread of the virus to its inmates or providing accurate reports."), but speculation cannot support the extraordinary or compelling reasons justifying compassionate release.

Relief is also inappropriate after consideration of the factors listed in 18 U.S.C. § 3553(a). As the Court explained at Defendant's sentencing, the Court considers the nature and circumstances of Defendant's crime "very serious." ECF No. 36 at 63:21–22; *see also id.* at 64:4–7 ("This is an extremely serious offense. The public needs to know that the law does not abide this kind of conduct, and the Court needs to fashion a just punishment."). The Court determined that "[t]his case deserves a serious term of imprisonment." *Id.* at 65:2–3. Defendant has served only a small part of his sentence, and he does not offer any compelling reason why these sentencing factors should be weighed any differently now than they were at sentencing.

---

[5] https://www.bop.gov/coronavirus/ (last accessed July 29, 2020).

The Court therefore "weighs those factors now the same as it did at sentencing." *Delgado*, 2020 WL 2542624, at *3. Thus, Defendant is not entitled to compassionate release under § 3582(c)(1)(A), and his Motion is **DENIED**.

### IV.    Conclusion

For the foregoing reasons, Defendant's Motion to Reduce Sentence is **DENIED**.

**SO ORDERED**.

July 29, 2020.

BARBARA M. G. LYNN
CHIEF JUDGE